**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHARON PARKER<br>1637 Conlyn St.<br>Philadelphia, PA 19141<br><br>        Plaintiff,<br>    v.<br><br>INGLIS HOUSE<br>2600 Belmont Ave.<br>Philadelphia, PA 19131<br><br>        Defendant. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:<br>:   No.:<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Sharon Parker (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1.    Plaintiff has initiated this action to redress violations by Inglis House (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*)/the Pregnancy Discrimination Act ("PDA"), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), and the Philadelphia Fair Practices Ordinance ("PFPO). Plaintiff was subjected to discrimination and retaliation, and she has suffered damages more fully described/sought herein.

### II.   Jurisdiction and Venue

2.    This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4. There lies supplemental jurisdiction over Plaintiff's state/local law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   <u>Parties</u>

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant is a specialty nursing care facility housing nearly 300 adults with physical disabilities.

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.   **Factual Background**

10.   The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

11.   Plaintiff was hired by Defendant on or about September 18, 2018 as a Pool Nurse.

12.   Throughout her employment with Defendant, Plaintiff was a dedicated and hard-working employee.

13.   In fact, although Plaintiff was a Licensed Practical Nurse ("LPN"), she was asked many times to cover as a charge nurse and in a supervisor role.

14.   On average, Plaintiff worked between 32-40 hours per week.

15.   In or about 2021, Plaintiff learned that she was pregnant.

16.   Due to her age and other pregnancy-related complications and disabilities, such as hypertension, Plaintiff's pregnancy was considered high-risk.

17.   As a result of her aforesaid pregnancy-related complications/disabilities, Plaintiff was (at times) limited in her ability to perform some daily life activities, such as standing for long periods of time, walking, performing manual tasks, and working.

18.   For example, in or about early 2022, Plaintiff's blood pressure began to fluctuate, and her feet began to swell to the point that it was too risky for her to continue working and performing manual tasks as a result of her disabilities/pregnancy-related complications.

19.   As a result of the foregoing, Plaintiff requested medical leave in or about February of 2022 (FMLA-qualifying medical leave and a reasonable accommodation under the ADA/PFPO).

20.   Despite requesting the reasonable accommodation of medical leave in or about February of 2022 (discussed *supra*), Plaintiff's request was not approved until March 24, 2022,

only after she became very ill at work (due to her pregnancy-related complications/disabilities) and Defendant's Occupational Health told her to go home and stay on bed rest.

21.     After being sent home by Defendant's Occupational Health (discussed *supra*), Plaintiff was admitted to the Emergency Room.

22.     While in the Emergency Room, Plaintiff was contacted by Defendant's Human Resources ("HR") department multiple times stating that they had sent letters and an email out to Plaintiff regarding a requirement that all Pool Nurses make a decision about whether they wanted to be deemed full-time or part-time by March 26, 2022.

23.     In response, Plaintiff informed Defendant that she had not receive the aforesaid letters or emails[1], but Defendant demanded that Plaintiff inform them of her intent to switch to part-time or full time by March 26, 2022, or it would deem her to have resigned her employment.

24.     During her conversations with Defendant's HR department, while she was in the hospital, Plaintiff reiterated that:

  i.  She was currently hospitalized for her pregnancy related complications/disabilities;

  ii. She was currently on medical leave – per Defendant's Occupational Health's orders[2] (and therefore deemed to be an inactive employee at that moment); and

  iii. Due to her pregnancy related complications/disabilities, she was not able to process what they were requesting of her at that moment, as

---

[1] Plaintiff later learned that the email was sent to the wrong person and was never actually sent to her.

[2] Plaintiff's medical leave was also approved by Sedgwick (Defendant's third-party administrator of disability leave).

treating her disabilities, caring for herself, and caring for her unborn child were the most important things to her at that moment.

25.    During her conversations with Defendant's HR department while she was hospitalized, Plaintiff further asked to have additional time to follow up on their aforesaid request regarding whether she wanted to be deemed full-time or part-time, given her current medical/pregnancy condition – which constituted a request for a reasonable accommodation under the ADA and PFPO.

26.    Rather than affording her with a reasonable accommodation and providing her with additional time to respond to their aforesaid request (discussed *supra*), Defendant instead sent Plaintiff a certified letter, dated April 5, 2022, stating that Defendant had accepted her resignation.

27.    After receiving the aforesaid separation letter, Plaintiff emailed Defendant's Director of Employee and Labor Relations – Latasha Harling (hereinafter "Harling"), stating as follows:

> I received a certified letter from Inglis House Human Resources that has caused me great distress and confusion . . . However, I SHARON PARKER NEVER RESINGED. My medical leave was approved in an official letter on March 24, 2022 from Sedgwick corporation. Please explain the erroneous voluntary resignation letter. Kindly Reply via email or certified letter.

28.    Harling responded to Plaintiff's aforesaid email, stating:

> I will look into your claim and get back to you. I'm [sic] the meantime I've copied Cheryl Lynn Baker our Sr. HR Business Partner to review and connect with you for clarification.

29.    Rather than investigate Plaintiff's claim, Defendant continued to maintain that Plaintiff resigned from her employment with Defendant; however, this is completely false.

30.     Plaintiff believes and therefore avers that she was terminated from her employment with Defendant because of [1] her pregnancy; [2] her actual/perceived/record of disabilities and/or pregnancy related complications; [3] Defendant's failure to accommodate her; and/or [4] because of her age.

31.     There was absolutely **_no reason_** that Defendant could not give Plaintiff additional time to respond to its inquiry regarding switching to full-time or part-time status, as she was on medical leave and caring for/treating her disabilities/pregnancy-related complications.

32.     Furthermore, upon information and belief, pool positions were not eliminated and there were other pool positions (filled by younger employees) that were not required to go on full-time or part-time status.

33.     For example, upon information and belief there were other Pool Nurses who were younger than Plaintiff and did not have high-risk pregnancies that took medical leave; however, they were permitted to return to their pool positions following leave and were not harassed during their leave, like Plaintiff.

**Count I**
**Violations of Title VII/PDA**
**(Pregnancy Discrimination)**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Plaintiff's pregnancy and pregnancy-related complications were motivating or determinative factors in Defendant's decision to terminate Plaintiff's employment.

36.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII/PDA.

**Count II**
**Violations of the PFPO**
**([1] Pregnancy Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

37.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.    Plaintiff's pregnancy/pregnancy-related complications were motivating or determinative factors in Defendant's decision to terminate Plaintiff's employment.

39.    Defendant's action of terminating Plaintiff's employment was taken in retaliation for engaging in protected activity under the PFPO.

40.    Plaintiff also believes and therefore avers that Defendant failed to accommodate her pregnancy and/or pregnancy-related complications.

41.    These actions as aforesaid constitute unlawful discrimination and retaliation under the PFPO.

**Count III**
**Violations of the ADA**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

42.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.    Plaintiff's actual, perceived, and/or record of disabilities were motivating or determinative factors in Defendant's decision to terminate Plaintiff's employment.

44.    Defendant's action of terminating Plaintiff's employment was taken in retaliation for engaging in protected activity under the ADA.

45.    Plaintiff also believes and therefore avers that Defendant failed to accommodate her disabilities.

7

46.    These actions as aforesaid constitute unlawful discrimination and retaliation under the ADA.

## Count IV
## Violations of the PFPO
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

47.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.    Plaintiff's actual, perceived, and/or record of disabilities were motivating or determinative factors in Defendant's decision to terminate Plaintiff's employment.

49.    Defendant's action of terminating Plaintiff's employment was taken in retaliation for engaging in protected activity under the PFPO.

50.    Plaintiff also believes and therefore avers that Defendant failed to accommodate her disabilities.

51.    These actions as aforesaid constitute unlawful discrimination and retaliation under the PFPO.

## Count V
## Violations of the Family and Medical Leave Act ("FMLA")
**(Interference & Retaliation)**

52.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

54.    Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

8

55. Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment (pre-FMLA leave request).

56. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

57. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of FMLA.

58. Defendant committed interference and/or retaliation violations of the FMLA by (1) not granting Plaintiff's leave shortly after requesting the same in February of 2022; (2) terminating Plaintiff's employment because of here requests and/or utilization of FMLA leave; (3) terminating Plaintiff's employment in order to prevent her from continuing to utilize FMLA leave; and (4) requiring Plaintiff to engage in work-related matters while on protected FMLA leave.

59. These actions as aforesaid constitute violations of the FMLA.

### Count VI
### Violations of the ADA
### (Age Discrimination)

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61. Plaintiff believes and therefore avers that she was treated in a disparate manner and terminated because of her advanced age.

62. These actions as aforesaid constitute unlawful discrimination under the ADEA.

**Count VII**
**Violations of the PFPO**
**(Age Discrimination)**

63.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64.     Plaintiff believes and therefore avers that she was treated in a disparate manner and terminated because of her advanced age.

65.     These actions as aforesaid constitute unlawful discrimination under the PFPO.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation, interference or discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 20, 2023

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

CIVIL ACTION

Sharon Parker

v.

NO.

Inglis House

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| 12/20/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___1637 Conlyn Street, Philadelphia, PA 19141___

Address of Defendant: ___2600 Belmont Avenue, Philadelphia, PA 19131___

Place of Accident, Incident or Transaction: ___Defendant's place of business___

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___12/20/2023___    _____    ___ARK2484 / 91538___
　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　*(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf___ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ___12/20/2023___    _____    ___ARK2484 / 91538___
　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PARKER, SHARON

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

INGLIS HOUSE

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | |
| X 3 | Federal Question | *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | |
| 4 | Diversity | *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of Title VII/PDA, ADA, FMLA, ADEA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    X Yes    'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
12/20/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Print          Save As...          Reset